Brian H. Gunn (SBN 192594)
bhgunn@wolfewyman.com
Joshua M. Bryan (SBN 225230)
jmbryan@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 2350
Sacramento, CA 95814-2716
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| ROGER J.B. MCKINLEY JR. and CARON D. MCKINLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.; NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01057-TLN-CKD<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: September 19, 2013<br>Time: 2:00 p.m.<br>Ctrm. 2<br>Hon.: Judge L. Nunley |

Defendant CITIMORTGAGE, INC. ("Defendant" or "CMI") submits the following Opposition to the Motion for Preliminary Injunction filed herein by plaintiffs Roger J.B. McKinley Jr. and Caron D. McKinley ("Plaintiffs").

## I. INTRODUCTION

Plaintiffs initiated the instant lawsuit in an apparent attempt to stall the foreclosure and/or leverage a modification of the loan secured by real property located at 4546 Crown Point Drive, Diamond Springs, California ("Subject Property").

After CMI removed the action to this Federal Court, it filed a motion to dismiss the original Complaint. The original Complaint attempted to allege the following claims against CMI: (1)

1
**OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

violation of Civil Code § 2923.6; (2) violation of Civil Code § 2923.6; and (3) violation California Business and Professions Code § 17200.

Rather than opposing the motion to dismiss, Plaintiffs filed a First Amended Complaint ("FAC"), which dropped the Business and Professions Code § 17200 claim while retaining their purported two claims pursuant to Civil Code § 2923.6. CMI has filed a motion to dismiss the FAC which is set for hearing on October 3, 2013.

Plaintiffs' Motion for Preliminary Injunction should be denied in its entirety because Plaintiffs have (1) failed to show a reasonable probability of prevailing on the merits of their claim at trial; and (2) and have failed to show that the balance of the hardships favor them. Both of these items must be fulfilled in order for a preliminary injunction to issue and Plaintiffs have not fulfilled either of them.

The first reason that Plaintiffs' motion for preliminary injunction fails to show a reasonable probability of succeeding on the merits of their claims because Plaintiffs' conclusory FAC fails to state any cognizable claim for relief against CMI because: (1) Plaintiffs may not rely on allegations that a violation of § 2923.6 allegedly occurring before January 1, 2013; (2) Plaintiffs' allegations that statutory foreclosure notices should not have been recorded on October 4, 2012, and March 12, 2013, pending review of their alleged "complete" application(s) are vague, ambiguous and conclusory as a matter of law; and (3) to the extent Plaintiffs claim that a loan modification is required, their FAC must fail. For these reasons, and those set forth more fully below, Plaintiffs' entire FAC fails to state any actionable claim against CMI.

The second, and independent, reason that Plaintiffs' motion for preliminary injunction fails to show a reasonable probability of succeeding on the merits is that Plaintiffs simply have not submitted sufficient evidence in support of the motion.

Accordingly, Defendants request the Court deny Plaintiffs' motion for preliminary injunction in its entirety because they cannot show a reasonable probability of prevailing on the merits.

If the Court is inclined to grant the preliminary injunction, CMI requests that a mandatory bond be posted.

///

## II. SUMMARY OF FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS

Plaintiffs allege ownership of the Subject Property. (FAC, ¶ 1.) Plaintiffs obtained a $344,000.00 loan from Citibank (West) FSB secured by a Deed of Trust encumbering the Subject Property. (FAC at ¶ 11, Exhibit 1 to FAC.) Defendant CMI services the Loan. (FAC, ¶ 11.) Defendant Northwest Trustee Services ("Northwest") is the substitute trustee under the Deed of Trust. (FAC., ¶ 3.)

Plaintiffs allege they began experiencing financial distress and sought a loan modification by forwarding an application to CMI. (See FAC., ¶ 12-13.) On October 4, 2012, Northwest recorded a Notice of Default. (FAC, ¶ 16, Exhibit 3 to FAC.) Plaintiffs allege they then forwarded a second loan modification application to CMI. (FAC, ¶ 17.) On March 12, 2013, Northwest recorded Notice of Trustee's Sale. (FAC., ¶ 17.) Plaintiffs' claim their loan modification application remains under review. (FAC, ¶ 20.) Plaintiffs do not allege that the Trustee's Sale has occurred. This action followed.

## III. LEGAL STANDARD FOR PRELIMINARY INJUNCTION

The court has discretion to grant or deny an application for injunction and its decision will not be disturbed on appeal absent an abuse of discretion. (Thornton v. Carlson, 11 Cal.App.4th 1249, 1255(1992).) In determining whether to issue an injunction, the court considers two factors: (1) the reasonable probability that the plaintiff will prevail on the merits at trial and (2) a balancing of the "irreparable harm" that the plaintiff is likely to sustain if the injunction is denied as compared to the harm the defendant is likely to suffer if the court grants the injunction. (Cal. *Civ. Proc. Code* § 526(a)(1) & (2); *14859* Moorpark Homeowner's Assn. v. VRT Corp., 63 Cal.App.4th 1396, 1402(1998).) Even where a plaintiff has suffered irreparable injury or there is an inadequate remedy at law, an injunction cannot be issued if the plaintiff cannot show a reasonable probability of prevailing on the merits at trial. (San Francisco Newspaper Printing Co., Inc. v. Superior Court ,170 Cal.App.3d 438, 442(1985).) Thus, the court may not issue a preliminary injunction without some showing of potential entitlement to the relief sought. (Doe v. Wilson, 57 Cal.App.4th 296, 304 (1997); Jessen v. Keystone Sav. & Loan Assn., 142 Cal.App.3d 454, 459(1983).)

## IV. LEGAL ARGUMENT

A. **Plaintiffs' Operative Complaint Fails to State a Claim Against Citi**

   1. **Plaintiffs Fail to State a Civil Code § 2923.6 Claim Against CMI Under their First and Second Claims Because The Cited Sections Do Not Apply Retroactively**

Plaintiffs appear to allege CMI violated the Homeowner Bill of Rights[1] by causing notice of default to be recorded on October 4, 2012 and a notice of sale to be recorded on March 12, 2013, while purportedly "complete" modification applications were under review by CMI. However, California *Civil Code* section 2923.6 did not become operative until January 1, 2013, *after* the notice of default was recorded. Indeed, the opposite is presumed unless the statutory text dictates retroactivity, which section 2923.6 does not. (Myers v. Philip Morris *Companies, Inc.,* 28 Cal.4th 828, 841(2002).) Accordingly, any alleged violations pertaining to the recordation of the notice of default in October 2012 or otherwise before January 1, 2013, do not support a claim by Plaintiffs under § 2923.6.

   2. **Plaintiffs Fail to State a Civil Code § 2923.6 Claim Against CMI Under their First and Second Claims Because They Do Not Allege Facts With Sufficient Particularity**

Where a Complaint alleges a statutory violation, the Complaint must identify the particular statutory scheme that was violated and describe with reasonable particularity the facts supporting the violation. (*See* Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619 (1993); see Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193 (C.D. Cal. 2008).)

Here, Plaintiffs contend that Defendants violated Civil Code § 2923.6 by causing the recordation of foreclosure notices while Plaintiffs' "completed" loan modification application was under review. However, the only post-January 1, 2013, allegation Plaintiffs provide to support their claim violation of § 2923.6 is that after CMI requested Plaintiffs complete a second application, and Plaintiffs returned a "complete" application they received a letter from CMI dated March 11, 2013, acknowledging receipt of their "complete" application. (FAC, ¶ 19.) This allegation is completely

---

[1] The Homeowner Bill of Rights, codified in California *Civil Code* section 2923.6, provides that the recording of a notice of default or notice of trustee's sale, or conducting a trustee's sale, may not occur while a loan servicer is reviewing a borrower for a loan modification.

1  vague, however, and is contradicted by Exhibit 5 to FAC (the "letter" received from CMI referenced
2  by Plaintiffs in support of the allegation in Paragraph 19). Exhibit 5 does not actually mention
3  anything about receipt of a "complete" modification application. Rather, it appears only to
4  acknowledge that CMI received Plaintiffs' "request for assistance" and "documents" and also
5  confirms that additional documentation may be needed. (See Exhibit 5 to FAC.). Simply
6  concluding that a "complete" application was sent to CMI on March 11, 2013, without any
7  supporting facts does not meet the particularity requirement to plead a statutory cause of action and
8  such a conclusion is completely inconsistent with the referenced Exhibit 5 attached to the FAC in
9  any event.

10  Further, although as set forth above, any references to violations of section 2923.6 occurring
11  before January 1, 2013, are barred because the statute should not apply retroactively, Plaintiffs' pre-
12  January 2013 allegations additionally fail for lack of specificity because they do not reflect any
13  actual facts regarding the "completeness" of a modification application as of October 4, 2012, or at
14  any other time prior to January 1, 2013. (Moore v. Regents of University of California, 51 Cal.3d
15  120, 125 (1990) [The Court should not "assume the truth of contentions, deductions, or conclusions
16  of fact or law"].)

17  Accordingly, neither of Plaintiffs' allegations that CMI violated § 2923.6 by recording a
18  notice of default on October 4, 2012, and/or a notice of sale on March 12, 2013, support a cause of
19  action because the status of "completeness" of their applications is insufficiently pled.

20  **B.   Plaintiff's Purported Evidence in Support of the Motion for Preliminary Injunction Is Insufficient and Objectionable**

22  The papers in support of Plaintiffs' request for a preliminary injunction contain boilerplate
23  arguments and do not provide sufficient evidence to show a reasonable probability of success on the
24  merits.

25  Plaintiffs' motion for preliminary injunction cites to a March 11, 2013, letter from Citi
26  allegedly "acknowledging receipt of Plaintiffs' complete loan modification application". (MPA ISO
27  of Plaintiffs' Motion for Injunction). However, this is merely a conclusory, unverified allegation,
28  unsupported by any admissible evidence. Indeed, as explained above, the letter Plaintiffs cite to

1477803.1

(Exhibit 5 to the FAC) does not actually mention anything about receipt of a "complete" modification application. Rather, it appears only to acknowledge that CMI received Plaintiffs' "request for assistance" and "documents". (See Exhibit 5 to FAC.) Plaintiffs do not attempt to provide any further evidence reflecting that their submission was actually "complete" as of March 11, 2013.

Plaintiffs' declarations merely conclude that "On March 11, 2013, we received a letter from CITI acknowledging receipt of our complete loan modification application…". (Declaration of Roger J.B. McKinley JR at ¶ 11; Declaration of Caron D. McKinley at ¶ 11). These conclusions are unsupported by facts in general. Moreover, nowhere in Plaintiffs' moving papers is it actually described which materials were requested in the application and what was actually submitted by Plaintiffs in response. As such, Plaintiffs have submitted no viable evidence regarding their claim that a notice of sale or other foreclosure notice was recorded while review of a "complete" modification allegation was pending. Therefore, Plaintiffs' declarations lacks foundation in their entirety and do not support their request for a preliminary injunction. (See Objections to Evidence.)

Moreover, although CMI had requested additional information to complete a modification review, Plaintiffs had not returned that information as of the date of recording of the Notice of Default or Notice of Trustee Sale (See Declaration of Luke Kramme ("Kramme Decl.")

C. **Plaintiffs Are Required to Post a Bond for the Issuance of a Preliminary Injunction**

Assuming arguendo, that this Court grants Plaintiffs' request for a Preliminary Injunction, California Code of Civil Procedure Section 529(a) provides: "On granting an injunction, the court or judge <u>must require</u> an undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined any damages, not exceeding an amount to be specified, the party may sustain by reason of the injunction...[emphasis added]." (C.C.P. § 529(a).) The purpose of the bond is to compensate the defendant for all reasonably foreseeable damages that may be proximately caused by issuance of the injunction. (<u>Top Cat Productions, Inc. v. Michael's Los Feliz</u>, 102 Cal.App.4th 474, 478 (2002); <u>Abba Rubber Co. v. Seaquist</u>, 235 Cal.App.3d 1, 14(1991).) The trial court's function is to estimate the harmful effect which the injunction is likely to have on the restrained party, and to set

6
OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

the undertaking at that sum. (See Abba Rubber Co., supra at 14).

The amount of the arrearage listed on the notice of default recorded on October 4, 2012 is $26,555.48. (*See* Exhibit 3 to FAC.) Assuming this action is pending for 1.5 years, and Plaintiff's monthly payment is $2025.19 per month (See Kramme Decl.), this Court should issue a bond in at least the amount of $20,251.90 **(10 months x $2025.19 per month = $20,251.90)** plus the $26,555.48 amount listed on the Notice of Default = **$46,807.38**. In addition, CMI will be required to incur significant carrying costs. Accordingly, CMI reserves the right to serve notice of any actual fees and expenses as necessary. Should the Court grant Plaintiffs' Motion for Preliminary Injunction, Defendants request that the mandatory bond be paid to the Court.

## IV. CONCLUSION

Based on the foregoing, CMI requests the Court deny Plaintiffs' Motion for Preliminary Injunction. Plaintiffs have failed to meet their burden of proof by showing a reasonable probability of prevailing on the merits at trial. However, should the Court be inclined to grant the preliminary injunction, CMI requests the Court require Plaintiffs to post a bond or undertaking in an amount of **$46,807.38.**

DATED: September _5_, 2013          WOLFE & WYMAN LLP


By: /s/ Joshua M. Bryan  SBN 225230
    BRIAN H. GUNN
    JOSHUA M. BRYAN
Attorneys for Defendant
**CITIMORTGAGE, INC**

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                      ) ss.
COUNTY OF SACRAMENTO  )

I, Debra Barsetti, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814-2716.

On September 5, 2013, I served the document(s) described as
- **OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL**: as follows:

☒ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Sacramento, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **BY ELECTRONIC ACCESS** Pursuant to the Federal Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the McKinley, et al. v. CitiMortgage, Inc., et al. website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on September 5, 2013, at Sacramento, California.

Debra Barsetti

**SERVICE LIST**
**El Dorado County Superior Courts – Case No. PC 20130222**
**MCKINLEY v. CITIMORTGAGE, INC.; et al.**
**W&W File No. 1133-1171**
**[Revised: April 30, 2013]**

| | |
|---|---|
| Stephen C. Ruchmann, Esq.<br>Robin D. Shofner, Esq.<br>RUEHMANN LAW FIRM, P.C.<br>9580 Oak Ave. Parkway, Suite 15<br>Folsom, CA 95630 | Attorneys for Plaintiffs<br>**ROGER J.B. MCKINLEY JR. and CARON D. MCKINLEY**<br>Tel: (916) 988-8001<br>Fax: (916) 988-8002<br>Email: *steve@ruehmannlawfirm.com*<br>*robin@ruehmannlawfirm.com* |
| El Dorado County Superior Court<br>3321 Cameron Park Drive<br>Cameron Park, CA 95682 | Re: El Dorado County Superior Court Case No. PC 20130222 |
| Jason A. Savlov<br>RCO LEGAL, P.S.<br>1241 E. Dyer Road, Suite 250<br>Santa Ana, CA 92705 | Attorney for Defendant<br>**NORTHWEST TRUSTEE SERVICES, INC.**<br>Tel: (714) 277-4867<br>Fax: (714) 277-4899<br>E-mail: jsavlov@rcolegal.com |

1377345.1