1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11    ROGER J.B. MCKINLEY JR. and              No.  13-cv-1057 TLN-CKD
      CARON D. MCKINLEY,
12
                   Plaintiff,
13                                              **ORDER**
                   v.
14
      CITIMORTGAGE, INC.; NORTHWEST
15    TRUSTEE SERVICES, INC.; and DOES
      1-100, inclusive,,
16
                   Defendant.
17

18

19          This matter is before the court on Plaintiffs Roger McKinley Jr., and Caron McKinley's

20    ("Plaintiffs") motion for preliminary injunction[1]  (See Pls.' Mot. for Prelim. Inj, ECF 16) and

21    Defendant CitiMortgage's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil

22    Procedure 12(b)(6)  (See Def.'s Mot. to Dismiss, ECF 17.)  The parties have both filed

23    oppositions and replies to the aforementioned motions.  The Court has carefully considered the

24    arguments presented by both parties.  For the reasons set forth below, the Court DENIES

25    Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and GRANTS Plaintiffs'

26    Motion for a Preliminary Injunction (ECF 16).

27    _____

28    [1]       Because oral argument will not be of material assistance, the court orders this matter
      submitted on the briefs. E.D. Cal. L.R. 230(g).

                                                    1

1

**BACKGROUND**

2      Plaintiffs allege that they own the property located at 4546 Crown Point Drive, Diamond

3   Springs, California, 95619 ("the property").  (Pls.' First Am. Compl., ECF 14 ¶ 1.)  Plaintiffs

4   obtained the property through a purchase-money loan in the amount of $344,000 from Defendant,

5   secured by a deed of trust encumbering the property.  (Id.  ¶ 9, Ex. 1.)

6      Plaintiffs allege that they began experiencing financial trouble in 2001 and contacted

7   Defendant to seek a loan modification.  (Id. ¶ 12.)  Plaintiffs allege that, pursuant to instructions

8   from Defendant's employee, they submitted a loan modification application.  (Id. ¶ 12.)  Plaintiffs

9   maintain that, "[d]espite Plaintiffs' submission of all requested materials, [Defendant] continued

10   to request documentation that Plaintiffs had already submitted and even required Plaintiffs to

11   begin the entire modification process over again on multiple occasions."  (Id. ¶ 14.)

12      Defendant allegedly directed Northwest to record a notice of default against the property

13   on October 4, 2012.  (Id. ¶ 16, Ex. 3.)  Plaintiffs allege that Defendant again asked Plaintiffs to

14   submit another modification application. (Id. ¶ 17.)  The Complaint alleges that, "[t]hrough the

15   months of November [2012] through March 2013, Plaintiffs continued to respond to

16   [D]efendant's multiple duplicative requests for additional information."  (Id. ¶ 18.)

17      Plaintiffs bring their claim under California Civil Code § 2923.6.  In support of this claim,

18   Plaintiffs allege that, on March 11, 2013, "Plaintiffs received a letter from Defendant

19   acknowledging receipt of Plaintiffs' complete loan modification application and informing

20   Plaintiffs that their loan modification application file had been forwarded to a Home Owner

21   Support Specialist for review."  (Id. ¶ 19, Ex. 5.)   On March 12, 2013, "despite the fact that

22   Plaintiffs were in the process of being reviewed for a modification of the Subject Loan,

23   [Defendant] caused Northwest to record a notice of Trustee's Sale ("NOS") against the subject

24   property."  (Id. ¶ 20, Ex. 6.)

25      Plaintiffs also allege that Defendant is a signatory to the National Mortgage Settlement

26   Act.[2]  (Id. ¶ 40.)  Plaintiffs allege that Defendant is not in compliance with the settlement term

27   _____

28   [2]     United States of America et al. v. Bank of Americal Corporation et al., 1:12-cv-00361
      RMC)

2

1   sheet, which Plaintiffs allege "prohibits a servicer from proceeding with foreclosure or

2   conducting a Trustee's Sale while a loan modification application is under review." (Id.)

3   Plaintiffs seek to enjoin the Trustee's sale pursuant to California Civil Code § 2924.12.[3] (Id. ¶

4   42.)

5                                    **STANDARDS**

6      **A.  Motion to Dismiss**

7          Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

8   statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 556

9   U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

10  defendant fair notice of what the claim . . .  is and the grounds upon which it rests." Bell Atlantic

11  v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

12  pleading standard relies on liberal discovery rules and summary judgment motions to define

13  disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A.,

14  534 U.S. 506, 512 (2002).

15         On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

16  Cruz v. Beto, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

17  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

18  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

19  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

20  relief." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

21  factual content that allows the court to draw the reasonable inference that the defendant is liable

22  for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. 544, 556 (2007)).

23         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

24  factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir.

25  1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

26

27  ─────────────
    [3]     The parties have stipulated that the Temporary Restraining Order issued by the El Dorado
28  County Superior Court remain in effect until this court renders a decision on Plaintiffs' currently
    pending motion for Preliminary Injunction.  (ECF 12.)

1  unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A

2  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3  elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678

4  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

6  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

7  been alleged[.]" Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

8  459 U.S. 519, 526 (1983).

9      Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

10  facts to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 697 (quoting

11  Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

12  across the line from conceivable to plausible[,]" is the complaint properly dismissed. Id. at 680.

13  While the plausibility requirement is not akin to a probability requirement, it demands more than

14  "a sheer possibility that a defendant has acted unlawfully." Id. at 678. This plausibility inquiry is

15  "a context-specific task that requires the reviewing court to draw on its judicial experience and

16  common sense." Id. at 679.

17      In ruling upon a motion to dismiss, the court may consider only the complaint, any

18  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

19  Evidence 201. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu

20  Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

21  1998).

22      If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

23  amend even if no request to amend the pleading was made, unless it determines that the pleading

24  could not possibly be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122,

25  1130 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 484, 497 (9th Cir. 1995));

26  see also Gardner v. Marino, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in

27  denying leave to amend when amendment would be futile). Although a district court should

28  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

4

1  deny such leave is 'particularly broad' where the plaintiff has previously amended its

2  complaint.[]"  Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir.

3  2013)  (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)).

4       **B.  Preliminary Injunction**

5       The Supreme Court recently clarified the proper standard for granting or denying a

6  preliminary injunction stating that "[a] plaintiff seeking a preliminary injunction must establish

7  that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

8  of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

9  public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations

10  omitted).   Recently, the Ninth Circuit held that its "serious question," sliding-scale test survived

11  Winters.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir.2011).  That

12  is, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one

13  element may offset a weaker showing of another. For example, a stronger showing of irreparable

14  harm to plaintiff might offset a lesser showing of likelihood of success on the merits."  Id.

15                    **ANALYSIS**[4]

16       **A.  Motion to Dismiss**

17       Defendant moves to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs have not

18  alleged sufficient facts that they submitted a "completed" loan modification application when

19  Defendant issued the NOS, as is required to implicate the protections of California Civil Code

20  § 2923.6.  Plaintiffs counter that they have alleged sufficient facts to establish that the loan

21  _____

22  [4]       Defendant first argues that California Civil Code § 2923.6 "did not become operative until
    January 1, 2013, . . ."  (ECF 4:9-10.)  Defendant asserts that, because § 2923.6 does not apply

23  retroactively, "any alleged violation pertaining to the recordation of the notice of default in
    October 2012 or otherwise before January 1, 2013[,] do not support a claim by Plaintiffs under §

24  2923.6."  (Id. at 2:13-14.)   "Plaintiffs agree that California Civil Code § 2923.6 does not apply
    retroactively and have not based any of their allegations on conduct that occurred prior to the

25  enactment of" § 2923.6.  (ECF 31 at 4:18-20.  Plaintiffs assert that their § 2923.6 claim is based
    "on the recording of the NOS, which occurred in March 2013."  (Id. at 4:20-22.)  Therefore, the

26  court only addresses Defendant's "argument in relation to whether or not Plaintiffs pled the facts
    in the [First Amended Complaint] with sufficient particularity."  (Id. at 4:224-26.)  Specifically,

27  the court will address whether Plaintiffs' claim that the filing of the NOS on March 12, 2013,

28  violated Section 2923.6 is pled with sufficient particularity.

application Plaintiffs submitted on October 12, 2013, was "complete" and pending at the time Defendant issued the NOS.  (ECF 31 at 5:9-12.)  In support of their contention that the loan modification application was complete, Plaintiffs cite a March 11, 2013, letter from Defendant "stating that Plaintiffs' loan modification application was being 'forwarded to a Homeowner Support Specialist for review." (Id. at 5:12-13 (quoting ECF 14, Ex. 5).)  In Reply, Defendant argues that the letter actually cuts against Plaintiffs' argument that the loan modification was complete because its states that the specialist may request additional information.  (Def.'s Reply, ECF 3:12-15.)

California Civil Code § 2923.6 provides, in relevant part:

> If a borrower submits a **complete application** for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent **shall not record a notice of default or notice of sale**, or conduct a trustee's sale, **while the complete first lien loan modification application is pending**.

Cal. Civ. Code. § 2923.6(c) (emphasis added).

The court finds that, drawing all reasonable inferences in favor of Plaintiffs, as it must on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),  Plaintiffs have alleged sufficient facts to state a plausible claim that Defendant violated Section 2923.6.  Specifically, the operative complaint alleges that, at the time Defendant issued the NOS, its October 12, 2013, loan modification application was pending.  (ECF 14 ¶ 20.)  Indeed, according to the Complaint, the day before Defendant caused the NOS to issue, Defendant sent Plaintiffs a letter stating: "[w]e have received your documents and your file has been forwarded to a homeowner support specialist for review."  (Id. ¶, 19, Ex. 5.)   Based on these allegations, and drawing all reasonable inferences in favor of Plaintiffs, the court finds it plausible that the loan modification was complete and Defendant violated  § 2923.6(c) when it recorded a "notice of sale . . . while the complete first lien loan modification [was] pending."[5]  Cal. Civ. Code § 2923.6(c).

The court finds unavailing Defendant's contention that the loan modification application

---

[5]     There is no dispute that the loan modification application was still pending at the time Defendant caused the NOS to issue.

1   could not plausibly be "complete" as required by the statute because Defendant's letter stated that

2   it may request additional information.  (See ECF 5:9-11; ECF 33 at 3:5-23.)  That the home loan

3   specialist may hypothetically request additional information in the future does not render

4   implausible Plaintiffs' claim that the loan modification application was complete.   Based on the

5   foregoing, the court finds that the allegations set forth in the complaint satisfy the standard for

6   surviving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Defendant's

7   motion to dismiss is therefore DENIED.

8       **B.  Preliminary Injunction**

9       As referenced above, in order to obtain a preliminary injunction, Plaintiffs must establish

10   that they are likely to succeed on the merits, likely to suffer irreparable harm in the absence of

11   preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the

12   public interest.  See Winter, 555 U.S. at 20.  The Court will address each of these requirements in

13   turn.

14       1.  Likelihood of Success on the Merits

15       Plaintiffs bear the burden of demonstrating that they are likely to success on the claim that

16   Defendant violated California Civil Code Section 2923.6.  To succeed, Plaintiffs must show that

17   they submitted a complete application for a loan modification and that Defendant recorded a NOS

18   while the complete modification application was pending.  See Cal. Civ. Code § 2923.6(c).

19   Defendant argues that there is no likelihood of success on the merits because Plaintiffs cannot

20   show that the loan modification application that was pending when the NOS issued was

21   "complete" as required by the statute.

22       As set forth above, Section 2923.6 proscribes issuance of a NOS while a complete loan

23   modification application is pending.  Cal. Civ. Code § 2923.6(c).  Here, there is no dispute that,

24   on March 12, 2013, Defendant recorded a notice of sale while Plaintiffs' application for a loan

25   modification was pending.  Defendant does dispute, however, whether that application was

26   "complete" for purposes of the statute.  Therefore, Defendant's only argument is that Plaintiffs

27   have not submitted sufficient evidence that the loan modification application was complete for

28   purposes of the statute.

1    In support of their contention that the application was "complete," Plaintiffs proffer a

2    letter dated March 11, 2013, they received from Defendant "acknowledging receipt of [their]

3    complete loan application and informing [them] that [their] loan modification application file had

4    been forwarded to a Home Owner Support Specialist for review."  (See Decl. of Roger J.B.

5    McKinley, ECF 16-2 ¶ 11; accord Decl. of Caron D. McKinley, ECF 16-1 ¶ 11) (emphasis

6    added).  Defendant counters that the letter itself does not mention whether or not the application

7    was "completed," and thus, Plaintiff cannot demonstrate a likelihood of success on the merits.

8    (ECF 23 at 6:1-2.)

9    Here, the court finds that Plaintiffs have demonstrated a likelihood of success on the

10   merits.  First, the court finds unavailing Defendant's contention that the application was not

11   complete because the letter it drafted did not explicitly state that the application was complete.

12   This would essentially render Section 2923.6 toothless as it would excuse any lender from

13   complying with the statute by merely omitting the word "complete" from any letter

14   acknowledging receipt of an application.  In other words, Defendant cannot hide behind the

15   document it drafted to demonstrate that the application was not complete.  Cf. Kunin v. Benefit

16   Trust Life Ins. Co., 910 F.2d 534, 539 (9th Cir.1990) ("The rule is based upon the principle of

17   contract construction that when one party is responsible for the drafting of an instrument, absent

18   evidence indicating the intention of the parties, any ambiguity will be resolved against the

19   drafter.")

20   Second, the court finds that the letter itself lends, at the very least, to a reasonable

21   inference that Plaintiffs submitted a complete loan modification application.  Specifically, the

22   letter indicates that Defendant received the necessary documents and that the "file has been

23   forwarded to a Homeowner Support Specialist for review." (ECF 14, Ex, 5.)  The letter also

24   provided Plaintiffs with the timeframe in which the review process would be completed.  (Id.)

25   The most reasonable interpretation of the letter is that Plaintiffs sent to Defendant a complete

26   application.  Indeed, if the application were not complete, it would be unreasonable for Defendant

27   to send the application to a "Homeowner Specialist" to begin the review process and provide a

28   timeline for that review.

Finally the court also finds that, pursuant to the Ninth Circuit's sliding scale test, the showing of a likelihood of success on the merits in this case is lessened due to the strong showing of irreparable harm, as discussed the ensuing section. See Cotrell, 632 F.3d at 1131. The lessened standard, combined with the reasonable inference, as described above, that Plaintiffs submitted a complete application, satisfies the standard for demonstrating a likelihood of success on the merits.

The court finds it prudent to note that this order in no way renders a decision or opinion on the ultimate merits of Plaintiffs' claim. The court simply holds that, at this stage of the litigation, Plaintiffs have made a showing of at least some likelihood of success on the merits on their claim that Defendant violated Section 2923.6. That is, there is some likelihood that Defendant issued a notice of sale while Plaintiffs' complete application for a loan modification was pending. Further development of the factual record may demonstrate that the application was not complete; at this juncture, however, the court finds that Plaintiffs have made a sufficient showing of a likelihood of success on the merits.

Based on the foregoing, the court finds that this factor weights in favor of granting the injunctive relief Plaintiffs seek.

2. Irreparable Harm Absent Injunctive Relief

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is likely in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 22). Plaintiffs are asking for injunctive relief to prevent the foreclosure of their home. "Losing one's home through foreclosure is an irreparable injury," Wrobel v. S.L. Pope & Associates, 2007 WL 2345036 at *1 (S.D. Cal. June 15, 2007) (citing Cronkhite v. Kemp, 741 F.Supp. 822, 825 (E.D.Wash.1989)). Indeed, as Plaintiffs note, real estate is an inherently unique ownership interest that Plaintiffs could never recoup should they lose their home to foreclosure. The court therefore finds that this factor weighs in favor of granting Plaintiffs' request for injunctive relief.

///

///

9

3.   Balance of Equities

"The purpose of preliminary injunctive relief is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined." *Heflebower v. U.S. Bank Nat. Ass'n*, 2013 WL 3864214, at *18 (E.D. Cal. July 23, 2013) (citing *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981)).  Plaintiffs argue that the balance of equities weighs in their favor because they will lose their home.

The court finds that this case presents a nearly even balance of the equities.  First, the court notes the extreme hardship Plaintiffs will suffer should they lose their home to foreclosure. As set forth above, Plaintiffs home is inherently unique; it is an item they would never be able to regain.  On the other hand, granting the extreme remedy of injunctive relief would deprive Defendant in this case of its statutory right to foreclose on their security interest for Plaintiffs failure to pay down their obligation as set forth in the underlying contract.  This point, however, is mitigated by the fact that any injunction would be temporary and Defendant would maintain its security interest in the underlying property.  Moreover, Defendant could issue a notice of sale by completing any of the actions listed in Section 2923.6(c)(1)–(3), as discussed in more detail, *infra*.  The court therefore finds that the balance of equities tips slightly in Plaintiff's favor.

4.   Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Winter*, 555 U.S. at 376–77 (quoting *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982)).  "The public interest analysis for the issuance of a preliminary injunction requires [the Court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief."  *Indep. Living Ctr., So. Cal. v. Maxwell–Jolly*, 572 F.3d 644, 659 (2009) (internal quotation marks and citations omitted), *vacated and remanded on other grounds*, 132 S. Ct. 1204 (2012).  Neither Plaintiffs nor Defendants raise a public interest.  This factor is therefore neutral.

///

///

10

1    Based on the foregoing consideration of the relevant factors, the court finds that the

2  imposition of a preliminary injunction in this case is appropriate and Plaintiffs' motion is

3  therefore GRANTED.

4    5.  Remedy

5    California Civil Code § 2924.12 provides that a "borrower may bring an action for

6  injunctive relief to enjoin a material violation of Section . . . 2923.6" which "shall remain in place

7  and any trustee's sale shall be enjoined until the court determines that the mortgage servicer,

8  mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or

9  violations giving rise to the action for injunctive relief."  Cal. Civ Code § 2924.12(a)(1), (2).  The

10  court therefore ORDERS that Defendant is hereby ENJOINED from foreclosing on the property

11  located at 4546 Crown Point Drive, Diamond Springs, California, 95619 pending either (1)

12  resolution of this case on the merits, or (2) compliance with Section 2923.6(c).  Section 2923.6(c)

13  provides that Defendant may proceed with a Trustee's sale if any of the following occur:

14    (1) The mortgage servicer makes a written determination that the
     borrower is not eligible for a first lien loan modification, and any
15    appeal period pursuant to subdivision (d) has expired.  (2) The
     borrower does not accept an offered first lien loan modification
16    within 14 days of the offer. (3) The borrower accepts a written first
     lien loan modification, but defaults on, or otherwise breaches the
17    borrower's obligations under, the first lien loan modification.

18  Cal. Civ. Code. § 2923.6(c)(1)–(3).

19    6.  Bond

20    The court waives the discretionary bond requirement set forth in Federal Rule of Civil

21  Procedure 65(c).  See Governing Council of Pinoleville Indian Community v. Mendocino Cnty,

22  684 F.Supp. 1042, 1047 (N.D. Cal. 1988) (citing People of California v. Tahoe Regional Planning

23  Agency, 766 F.2d 1319, 1325–26 (9th Cir.1985)) ("[C]ourts have discretion to excuse the bond

24  requirement . . . .")   First, the court finds that Defendant is adequately protected by its security

25  interest in Plaintiffs' property.  See  Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir.2003)

26  ("The district court may dispense with the filing of a bond when it concludes there is no realistic

27  likelihood of harm to the defendant from enjoining his or her conduct."); see also Ticketmaster

28  L.L.C. v. RMG Technologies, Inc., 507 F.Supp.2d 1096, 1116 (C.D. Cal. 2007) ("A bond may

11

1  not be required, or may be minimal, when the harm to the enjoined party is slight or where the

2  movant has demonstrated a likelihood of success.")   Second, the court finds that, given Plaintiffs

3  current financial situation, they would be unable to pay the bond, and thus would be precluded

4  from judicial review.  See Mendocino Cnty, 684 F.Supp. at 1047 (holding that it is appropriate to

5  waive the bond requirement where "requiring the security would deny access to judicial review.)

6  Finally, "as a result of the parties' ongoing financial relationships, the bond requirement is also

7  properly waived since defendants are capable of recouping any costs or damages resulting from

8  the wrongful issuance of the injunction." California Hosp. Ass'n v. Maxwell-Jolly, 776

9  F.Supp.2d 1129 (E.D. Cal. 2011) (citing United States v. Bedford Assocs., 618 F.2d 904, 916-17

10  (2nd Cir. 1980)).  Accordingly, the court waives the bond discretionary bond requirement.

11  **CONCLUSION**

12        Based on the foregoing, the court hereby DENIES Defendant's motion to dismiss

13  Plaintiffs' First Amended Complaint and GRANTS Plaintiffs' motion for preliminary injunction.

14  The parties shall advise the court within 30 days of the issuance of this order whether they believe

15  a court-convened settlement conference would be beneficial. If it is the parties' position that such

16  a settlement conference would not be beneficial, they should explain why in five pages or less,

17  whereupon the court will submit the matter. Either way, the parties' filing should include their

18  preference as to VDRP, or random selection of a judge in this district.

19  Dated: February 18, 2014

20

21

22

23                           Troy L. Nunley

24                           United States District Judge

25

26

27

28