Brian H. Gunn (SBN 192594)
bhgunn@wolfewyman.com
Joshua M. Bryan (SBN 225230)
jmbryan@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 2350
Sacramento, CA 95814-2716
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| ROGER J.B. MCKINLEY JR. and CARON D. MCKINLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.; NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01057-TLN-CKD<br><br>**AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT CITIMORTGAGE, INC. TO DISMISS THIRD AMENDED COMPLAINT** [Fed. R. Civ. P. 12(b)(6)]<br><br>Date: October 6, 2016<br>Time: 2:00 p.m.<br>Ctrm: 2, 15th fl. |

Defendant CITIMORTGAGE, INC. ("Defendant" or "CMI") submits the following memorandum of points and authorities in support of its motion to dismiss the Third Amended Complaint ("TAC") filed by plaintiffs Roger J.B. McKinley Jr. and Caron D. McKinley ("Plaintiffs") and the first and second causes of action contained within the TAC with prejudice.

## I.  INTRODUCTION

Plaintiffs were reviewed for a loan modification, which they unfortunately did not qualify for. Their TAC re-asserts two of the three causes of action contained in their recently dismissed Second Amended Complaint ("SAC"). While the TAC no longer asserts dual-tracking under Civil Code section 2923.6(c), it re-alleges Plaintiffs' prior causes of action for violation of Civil Code section 2923.6(b) and negligence, with very little variation from the previously deficient section

1

1  2923.6 and negligence claims in the SAC.

2  As evidenced below, Plaintiffs' only two remaining causes of action, for violation of Civil Code section 2923.6 and negligence, both fail as a matter of law because the TAC fails to remedy the pleading deficiencies specifically identified in this Court's June 14, 2016 Order granting CMI's Motion to Dismiss the SAC. (hereafter "June 14 Order").

Plaintiffs' first cause of action for violation of Civil Code section 2923.6(b) which is brought pursuant to the California's Homeowner Bill of Rights ("HBOR"), claims that Plaintiffs were not properly considered for a loan modification because CMI failed to conduct a meaningful review. The TAC's first cause of action still fails because, contrary to the directive given in this Court's June 14 Order, Plaintiffs' TAC fails to cite specific authority that would support the proposition that a mortgage servicer such as CMI may be compelled to engage in "a meaningful review" for a loan modification. Therefore, the first cause of action should be dismissed with prejudice.

Plaintiffs' second cause of action for negligence should also be dismissed with prejudice. The Court's June 14 Order specifically noted the deficiencies in Plaintiffs' negligence claim, which included that Plaintiffs' failed to allege the elements of causation and damages. In finding that Plaintiffs' failed to allege causation and damages, the court specifically stated that Plaintiffs' position was distinguishable from cases such as Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941 (2014), where the property had been sold at a trustee sale and Defendants' conduct was alleged to have caused a borrower to lose title to property. This Court further emphasized that Plaintiffs' damages allegations were too conclusory to meet the requirements and that Plaintiffs' failure to dispute that they remain in possession of the property and have not made a payment since 2011 raised the issue of an offset to any claimed damages even if sufficiently alleged, which they were not. While Plaintiffs' second cause of action includes one additional paragraph of purportedly "new" damages allegations not included in the SAC, nothing in this paragraph remedies any of the above deficiencies specifically set forth in the Court's June 14 Order.

Plaintiffs' entire TAC should therefore be dismissed with prejudice as a matter of law.

## II. SUMMARY OF PLAINTIFFS' ALLEGATIONS

This is a foreclosure avoidance suit. Plaintiffs allege ownership of the property commonly

2

known as 4546 Crown Point Drive, Diamond Springs, California ("Property"). (TAC, ¶ 1.) Plaintiffs obtained a $344,000.00 loan from Citibank (West) FSB secured by a Deed of Trust encumbering the Subject Property. (TAC at ¶ 8; Exhibit 1 to TAC.) Plaintiffs allege that shortly after the loan's inception, CMI "purported to take over the servicing rights to and became the beneficiary of the subject loan". (TAC, ¶ 9.)

Plaintiffs allege they began experiencing financial trouble in late 2011 and sought a loan modification by forwarding an application to CMI. (See TAC, ¶ 11.) Plaintiffs allege that after they submitted materials, they were required to begin the process again on multiple occasions. (See TAC, ¶ 13.)

Plaintiffs claim they submitted numerous modification applications from late 2011 through August 2014. (See TAC, ¶ 13-17, 21-25.) Although Plaintiffs allege that CMI recorded a notice of trustee sale on March 12, 2013, during pendency of review of their "complete" loan modification application, CMI's continued requests for additional documentation show that Plaintiffs never submitted a completed application from late 2011 to August 2014. (See TAC, ¶ 13-18, 21-25.) Despite these delays, CMI continued to work with Plaintiffs. (See Id.)

According to the TAC, Plaintiffs submitted a final set of documents to CMI on September 17, 2014. (See SAC, ¶ 24-25.) Plaintiffs allege that they received a letter dated November 26, 2014 reflecting their modification application was denied. (See TAC, ¶ 26.) Plaintiffs allege that the decision rendered by CMI in November 2014, did not properly consider their income. (See TAC ¶, 28; Exhibit 9 to TAC.)

Plaintiffs submitted an appeal of the denial on December 29, 2014 in which Plaintiffs claimed to have a net "monthly surplus" of $2,641.74. (See Id.) However, even if Plaintiffs had a net "monthly surplus" of $2,641.74, which is not supported by any documentation attached to the TAC and could make a mortgage payment in that amount, they have still failed to allege facts reflecting that they would have qualified for any loan modification.

Based upon the TAC and attached exhibits, Plaintiffs' appeal was properly denied for insufficient income. Among other things, their profit and loss statements show that their businesses were operating at a significant combined loss of almost $100,000, which almost completely offsets

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CMI'S MOTION TO DISMISS TAC

1  the "gross" annual salary earned by Plaintiff Karen McKinley (Plaintiffs' only income) not to
2  mention entirely negating her "take home" salary of approximately $72,000. (Exhibit 9 to the TAC.)
3  On March 23, 2015, the previously recorded notice of default and the notice of sale were rescinded.
4  (See RJN, Exh. 1 and 2.) No further foreclosure activity has occurred.

5  **III.    LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

6  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where the moving
7  party can demonstrate that the Plaintiffs cannot provide a set of facts in support of their claim which
8  would entitle them to relief. (See Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d 1349,
9  1352 (D. Nev. 2004).) In making this determination, the allegations made in the Complaint are
10 generally taken as true and viewed in the light most favorable to the non-moving party. (Id.)
11 However, "[c]ourts do not assume the truth of legal conclusions merely because they are cast in the
12 form of factual allegations." (Puckett, 332 F. Supp. 2d at 1352 (quoting Western Mining Counsel v.
13 Watt, 643 F. 2d 618, 624 (9th Cir. 1981).)

14 Moreover, under controlling U.S. Supreme Court precedent, "a Plaintiff's obligation to
15 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
16 formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be
17 enough to raise the right to relief above the speculative level." (Bell Atlantic Corp. v. Twombly, 550
18 U.S. 544, 555 (2007).) Indeed, determining whether a complaint states a plausible claim for relief:

> [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"

(Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Fed. R. Civ. P. 8(a)(2).)

23 Similarly, legal conclusions couched as factual allegations are not given a presumption of
24 truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to
25 defeat a motion to dismiss." (Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).) District courts
26 should dismiss complaints that make only bare legal conclusions with no suggestion of supporting
27 facts, or that postulate events and circumstances of a wholly fanciful kind. (Crisafi v. Holland, 655

4

F.2d 1305, 1307-08 (D.C.Cir.1981) (*per curiam*).)

As set forth more fully below, the court should dismiss the entire TAC as to CMI with prejudice under Rule 12(b)(6) because Plaintiffs fail to state a claim against it for which relief can be granted.

## IV. LEGAL ANALYSIS

### A. Plaintiffs' First Cause of Action Under Civil Code section 2923.6(b) Fails To State A Claim And Must Be Dismissed

Plaintiffs' TAC reasserts Plaintiffs' prior claim under Civil Code section 2923.6(b) which the Court's June 14 Order found the SAC failed to sufficiently plead. While the TAC makes additions to the section 2923.6(b) claim, those additions are insufficient to remedy the deficiencies this Court identified in its June 14 Order.

Civil Code section 2923.6(b) states " It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." (Civil Code section 2923.6(b).) Although this court found that the SAC stated a violation of section 2923.6(b), it still dismissed the claim on other grounds.

Specifically, the Court dismissed Plaintiffs' section 2923.6(b) claim because Plaintiffs' request for relief was not sufficiently stated. (See June 14 Order, at P. 13.) First, the Court emphasized that Plaintiffs are barred from bringing any pre-foreclosure action for damages under HBOR. (See Id.) While stating that injunctive relief was the only possibly available remaining relief, this Court found it unclear what Plaintiffs were seeking to enjoin given that the foreclosure has been rescinded (See Id.) The court opined that it appears Plaintiffs "would seek an injunction compelling Defendant to engage in a meaningful review". (Id.) However, it emphasized that it would not read into HBOR a specific remedy compelling CMI to engage in a "meaningful review" under section 2923.6(b) without guidance from California courts or other authority. (Id.) The Court noted that Plaintiffs cited "no case finding that, under section 2923.6(b) specifically, a loan servicer can be compelled by a court to engage in a meaningful review." (Id.)

The Court granted leave to amend the section 2923.6(b) claim for the limited purpose of

5

allowing Plaintiffs the opportunity to provide notice of authority *within their TAC*, compelling CMI to engage in a "meaningful review" or to state an otherwise available remedy if it exists. (See Id.) Plaintiffs have failed to include any such authority in the TAC.

Plaintiffs' TAC now requests a "mandatory injunction" and cites case law and HBOR sections purportedly authorizing a mandatory injunction compelling CMI to engage in a meaningful review pursuant Civil Code section 2923.6(b). Plaintiffs do not allege any other available injunctive remedies so they appear to concede they are not seeking anything other than the mandatory injunction described above. However, Plaintiffs' TAC contains no actual authority compelling a mortgage servicer to engage in a "meaningful review" pursuant to Civil Code section 2923.6(b), nor even specifically mentioning a mandatory injunction in connection with section 2923.6(b).

Plaintiffs' TAC cites Bitker v. Suntrust Mortgage, 2013 U.S. Dist LEXIS 80774 (S.D. Cal. 2013), as the primary authority purportedly authorizing a "mandatory injunction" to engage in a "meaningful review". However, Bitker involved a temporary restraining order prohibiting the sale of property pursuant to a notice of trustee sale. It did not involve issuance of an injunction, much less a mandatory injunction to engage in a "meaningful modification" review. (See Id.) Therefore, the case is inapposite and fails to meet the directive of the June 14 Order.

Plaintiffs' TAC also cites to Aquino v. U.S. Bank N.A., 2016 U.S. LEXIS 9805 (N.D. Cal. 2016) and Johnson v. PNC Mortgage, 2014 WL 3962662, at *13 (N.D. Cal. 2014). However, neither of these cases even discusses mandatory injunctions, much less, authorizes them specifically in connection with Civil Code section 2923.6(b).

Plaintiffs' TAC cites to the absence of any limitation on the "form of injunctive relief" within HBOR's remedies. (See Section 2924.12.) However, this Court's June 14 Order cites to and examines section 2924.12 on multiple occasions. Therefore, Plaintiffs' TAC does not cite to any statutory authority of which this Court was not already aware.

Neither the cases cited in Plaintiffs TAC, nor the absence of limitations on the form of injunction fulfills this Court's Order requiring that Plaintiffs' TAC cite law specifically compelling CMI to engage in a "meaningful review" under section 2923.6(b).

Moreover, under prevailing Ninth Circuit decisions, because Plaintiffs seek a mandatory

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CMI'S MOTION TO DISMISS TAC**

injunction, it is their burden to establish that the law and facts clearly favor their position. Here, Plaintiffs' requested injunction requires CMI to take affirmative action —to engage in a "meaningful review" for a loan modification. This relief is treated as a mandatory injunction, because it "orders a responsible party to 'take action.'" (Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir.2009).) A mandatory injunction "goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored."(Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir.1994).) The "district court should deny such relief 'unless the facts and law clearly favor the moving party.'" (Id.) (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir.1979)). In plain terms, mandatory injunctions should not issue in "doubtful cases." (Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir.2011); See Garcia v. Google, Inc., 786 F.3d 733 (9th Cir. 2014).)

Here, Plaintiffs have failed to cite a single case or statutory section referencing the availability of a mandatory injunction under section 2923.6(b) that could potentially force CMI to engage in an affirmative "meaningful review" for a loan modification. Accordingly, Plaintiffs' have failed to show that the law and facts *clearly favor* their position, and this court should dismiss the first cause of action with prejudice under the standards set forth by the Ninth Circuit.

Therefore, Plaintiffs' first claim under section 2923.6(b) must be dismissed as it fails to remedy the deficiencies stated in the SAC.

### B. **Plaintiffs' Second Cause of Action For Negligence Must Be Dismissed Because It Fails To Remedy the Deficiencies Contained Within The SAC's Negligence Claim**

Plaintiffs' second cause of action for negligence alleges that CMI failed to review them "in good faith" for a modification and then "failed to offer them a modification for which they qualified." (TAC, ¶ 50.) Plaintiffs allege that by failing to take into account all of Plaintiffs' monthly income, CMI breached a duty to Plaintiffs. (See TAC, ¶ 52.)

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." (Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (2d Dist.1998).)

Although this Court found that the SAC stated the existence of a duty between CMI and Plaintiffs, it found Plaintiffs' claim for negligence as alleged in their SAC failed to state the elements of causation and damages. In particular, this Court found Plaintiffs' damages allegations too "conclusory and speculative". (June 14 Order, at P. 16.) The Court further emphasized that "while Plaintiffs' main claim is that they have been denied a right to receive a meaningful review of their loan applications, Plaintiffs do not appear to dispute, that in the meantime Plaintiffs remained in possession of the residence and are not paying their mortgage." (Id.)

Here, Plaintiffs' TAC adds a single paragraph to Plaintiffs' negligence claim which alleges they were "deprived of the opportunity to obtain loan modifications for which they were qualified, and would have received had their applications been properly reviewed resulting in an increase in their principal loan balance." (TAC Paragraph 54.) Plaintiffs further allege that they were deprived of their opportunity to seek relief elsewhere due to the delay in processing and that they "have been denied an opportunity to receive a meaningful review owing to increased arrearages that have compounded their unpaid principal loan balance and have suffered reduced equity in their home." (See Id.)

The allegations at Paragraph 54 of the TAC are deficient on their face. Plaintiffs' statement that they were denied loan modifications for which they were qualified was already stated in the SAC, which this court found deficiently pled. Plaintiffs' allegation that the failure to grant a modification for which they were qualified resulted in increased principal is nonsensical as the "principal balance" of a loan does not increase. Plaintiffs' TAC alleges that they were deprived of opportunities to seek relief. However, Plaintiffs do not identify what alternative relief they are referencing; nor do they explain why they could not currently seek such relief given that there is no active foreclosure. Unlike cases such as Alvarez, supra in which borrowers have sued following completed foreclosures, Plaintiffs cannot claim they have been deprived of their property or other opportunities to mitigate their "loss," because the loss has not yet occurred. In fact, the foreclosure proceedings previously initiated have been rescinded and Plaintiffs do not allege a new notice of

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CMI'S MOTION TO DISMISS TAC**

default has been filed. Indeed, this Court's June 14 Order states that Plaintiffs cannot state allegations analogous to Alverez given that there is no active foreclosure." (June 14 Order, at P. 16.)[1] Accordingly, any claim they have been deprived of an opportunity to save their home is speculative and insufficient to support a claim for damages.

Plaintiffs' allegation that denial of an opportunity to receive meaningful review increased arrearages that has compounded their unpaid principle and reduced equity is totally conclusory, and therefore, deficient on it face. Moreover, even if pled sufficiently which it is not, this allegation is negated because Plaintiffs again fail to dispute (1) that they have not made any payments since the payment due for September 2011, and (2) that they have lived in the property payment free since that time.[2] Plaintiffs have therefore failed to remedy the deficiencies stated in the June 14 Order with respect to causation and damages. (See Id.)

Finally, all of the purported allegations contained in Paragraph 54 of the TAC are mere conclusions, and therefore, insufficient to support a claim of damages. (See Woodring v. Ocwen Loan Servicing, LLC, 2014 WL 3558716, at 8 (2014) [finding conclusory statements with no supporting facts insufficient to state a claim]; See Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193 (C.D. Cal. 2008); See Green v. Wells Fargo Bank, N.A. 2015 WL 4571545m at 3 (N.D. Cal. 2015) [in the absence of facts sufficient to show that a defendant's alleged misconduct caused the plaintiff to foreclose or suffer other damages, courts have dismissed the negligence claims].) Without supporting facts specifying what damages were caused by CMI's conduct, Plaintiffs' claim for negligence must be dismissed with prejudice.

---

[1] This Court's June 14 Order states that unlike Plaintiffs in this case, the Alvarez "[p]laintiffs alleged that the mishandling of their applications caus[ed] them to lose title to their home, deterrence from seeking other remedies to address their default and/or unaffordable mortgage payments, damage to their credit, additional income tax liability, costs and expenses incurred to prevent or fight foreclosure, and other damages." (June 14 Order, at P. 16.)

[2] In deciding to dismiss Plaintiffs' claim for negligence as stated in the SAC, this Court's June 14 Order strongly emphasized that "Defendants have submitted and Plaintiffs do not appear to dispute, that in the meantime Plaintiffs remain in possession of the residence and are not paying their mortgage".

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CMI'S MOTION TO DISMISS TAC

Accordingly, the second cause of action must be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs fail to state any claim for relief against CMI. As a result, CMI respectfully requests that this Court grant its motion to dismiss Plaintiffs' TAC in its entirety with prejudice and without leave to amend.

DATED: August 10, 2016                     WOLFE & WYMAN LLP


By: /s/Joshua M. Bryan
    BRIAN H. GUNN
    JOSHUA M. BRYAN
Attorneys for Defendant
**CITIMORTGAGE, INC.**

**PROOF OF SERVICE**

STATE OF CALIFORNIA                )
                                                          )  ss.
COUNTY OF SACRAMENTO         )

I, Beverley Tomlin-Hill, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814-2716.

On August 10, 2016, I served the document(s) described as:

**AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITIMORTGAGE'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

    ☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Sacramento, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☒ **BY ELECTRONIC ACCESS** Pursuant to the Federal Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the McKinley, et al. v. CitiMortgage, Inc., et al. website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐ **STATE**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**      I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on August 10, 2016, at Sacramento, California.

*/s/ Beverley Tomlin-Hill*
Beverley Tomlin-Hill

**SERVICE LIST**
**El Dorado County Superior Courts – Case No. PC 20130222**
**MCKINLEY v. CITIMORTGAGE, INC.; et al.**
**W&W File No. 1133-1171**
[Revised: 6/26/14]

| | |
|---|---|
| Robin D. Shofner, Esq<br>MOLSBY & BORDNER, LLP<br>1830 15th Street, Suite 100<br>Sacramento, CA 95811 | Attorneys for Plaintiffs<br>**ROGER J.B. MCKINLEY JR. and CARON D. MCKINLEY**<br>Tel: (916) 447-0529<br>Fax: (916) 848-3500<br>shofner@mobolaw.com |
| Jason A. Savlov<br>RCO LEGAL, P.S.<br>1241 E. Dyer Road, Suite 250<br>Santa Ana, CA  92705 | Attorney for Defendant<br>**NORTHWEST TRUSTEE SERVICES, INC.**<br>Tel: (714) 277-4867<br>Fax: (714) 277-4899<br>E-mail:  jsavlov@rcolegal.com |

