1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                      EASTERN DISTRICT OF CALIFORNIA
10

11   ROGER J.B. MCKINLEY JR. and          No.  2:13-cv-01057-TLN-CKD
     CARON D. MCKINLEY,
12
             Plaintiffs,
13                                         **ORDER GRANTING IN PART AND**
     v.                                    **DENYING IN PART DEFENDANT'S**
14                                         **MOTION TO DISMISS**
     CITIMORTGAGE, INC.,
15
             Defendant.
16

17
           This matter is before the Court pursuant to Defendant CitiMortgage, Inc.'s ("Defendant")
18
     Motion to Dismiss Plaintiffs Roger J.B. McKinley, Jr. and Caron D. McKinley's (collectively
19
     "Plaintiffs") Third Amended Complaint.  (ECF No. 70.)  Plaintiffs oppose this motion.  (ECF No.
20
     77.)  For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part
21
     Defendant's Motion to Dismiss.  (ECF No. 70.)
22
           **I.      FACTUAL BACKGROUND**
23
           The claims in this case arise out of Defendant's alleged conduct in connection with
24
     Plaintiffs' residential mortgage loan modification applications.  The residence ("the Subject
25
     Property") is located at 4546 Crown Point Drive, Diamond Springs, California 95619.  (Third
26
     Am. Compl. ("TAC"), ECF No. 64 ¶ 1.)
27
           On or about January 20, 2006, Plaintiffs applied for and obtained a loan from Citibank
28
                                              1

1   (West) F.S.B. using the Subject Property as collateral.  (ECF No. 64 ¶ 8.)  Plaintiffs allege soon

2   thereafter, Defendant "purported to take over the servicing rights to and became the beneficiary of

3   the [loan]."  (ECF No. 64 ¶¶ 2, 9.)

4       In late 2011, Plaintiffs allege they began experiencing financial trouble and sought a loan

5   modification from Defendant.  (ECF No. 64 ¶ 11.)  From late 2011 to August 2014, Plaintiffs

6   allege they submitted numerous loan modification applications to Defendant and provided

7   supporting documents and information when requested.  (ECF No. 64 ¶¶ 13–17, 20–25.)  On

8   October 4, 2012, while Plaintiffs' request(s) for modification were under review, Plaintiffs allege

9   Defendant recorded a Notice of Default against the Subject Property.  (ECF No. 64 ¶ 14.)  On

10  March 12, 2013, Plaintiffs allege Defendant recorded a Notice of Trustee's Sale against the

11  Subject Property.  (ECF No. 64 ¶ 18.)

12      On November 26, 2014, Defendant's counsel sent Plaintiffs' counsel a letter dated

13  November 7, 2014, denying Plaintiffs a loan modification based on Plaintiffs' "Most Recent

14  Federal Income Tax Returns' (i.e. their 2013 federal tax return)."  (ECF No. 64 ¶ 26 and Ex. 8.)

15  The letter stated Plaintiffs were not eligible for a Home Affordable Modification Program

16  (HAMP) loan modification because Defendant was "unable to create an affordable payment equal

17  to 31% of [Plaintiffs'] reported monthly gross income without changing the terms of [the] loan

18  beyond the requirements of the program."  (ECF No. 64, Ex. 8 at 57.)  Defendant had determined

19  Plaintiffs' monthly income was $1.  (ECF No. 64, Ex. 8 at 57.)

20      On December 29, 2014, Plaintiffs allege they submitted an appeal detailing "the tax return

21  relied on by [Defendant] in denying Plaintiffs a loan modification demonstrated that Plaintiffs

22  earned $100,000 annually ($8,333 monthly) and also demonstrated that Plaintiffs had reduced

23  their monthly expenses by $841 resulting in a net monthly surplus of $2,641.74."  (ECF No. 64 ¶

24  28 and Ex. 9.)  Plaintiffs allege Defendant did not change its decision to deny Plaintiffs a loan

25  modification in response to Plaintiffs' appeal.  (ECF No. 64 ¶ 29.)  Plaintiffs "allege that by

26  failing to accurately assess Plaintiffs' monthly income and/or expenses, [Defendant] denied

27  Plaintiffs [] a modification for which they otherwise qualified."  (ECF No. 64 ¶ 30.)

28  / / /

2

1

## II. PROCEDURAL HISTORY

On April 24, 2013, Plaintiffs filed a Complaint in the Superior Court of El Dorado County against Defendant.[1] (ECF No. 64 ¶ 19.)  Plaintiffs applied for and were granted a Temporary Restraining Order ("TRO") enjoining the foreclosure of the Subject Property.  (ECF No. 64 ¶ 19.)  On May 28, 2013, Defendant filed a Notice of Removal to this Court, on the basis of diversity jurisdiction.  (ECF No. 1.)  Plaintiffs filed a Motion for Preliminary Injunction on June 19, 2013.  (ECF No. 16.)  The parties stipulated the TRO remain in effect pending determination of the Motion for Preliminary Injunction before this Court.  (ECF No. 18.)  This Court granted the Motion for Preliminary Injunction enjoining the foreclosure of the Subject Property on February 19, 2014.  (ECF No. 39.)

On June 18, 2013, Plaintiffs filed a First Amended Complaint against Defendant.  (ECF No. 14.)  On July 12, 2015, Plaintiffs filed a Second Amended Complaint against Defendant adding accompanying exhibits which include communications from Defendant and Defendant's counsel and Plaintiffs' appeal of Defendant's denial of a modification in November 2014.  (ECF No. 54, Ex.'s 1–10.)  Plaintiffs Second Amended Complaint claimed a violation of California Civil Code § 2923.6(c), a violation of California Civil Code §§ 2923.4 & 2923.6(b), and Negligence.  (ECF No. 54 at 1.)  Subsequently, Defendant filed a motion to dismiss Plaintiffs' Second Amended Complaint.  (ECF No. 59.)  On June 14, 2016 the Court dismissed all claims in Plaintiffs' Second Amended Complaint without prejudice.  (ECF No. 63.)  Thereafter, Plaintiffs filed the TAC against Defendant.  (ECF No. 64.)

In the TAC, Plaintiffs reallege two causes of action against Defendant: (1) Violation of California Civil Code Section 2923.6(b); and (2) Negligence.  (ECF No. 64 at 1.)  Plaintiffs seek injunctive relief to "compel [Defendant] to perform a good faith modification review," along with compensatory damages.  (ECF No. 64 at 12.)  On August 10, 2016, Defendant filed a Motion to Dismiss the TAC contending the Plaintiffs fail to state a claim upon which relief can be granted.  (ECF No. 70.)

---

[1] Plaintiffs named Defendant Northwest Trustee Services in the original Complaint, the First Amended Complaint, and the Second Amended Complaint.  The Court dismissed Northwest Trustee Services on Oct. 06, 2014, pursuant to Plaintiffs' request.  (ECF No. 47.)

1        III.    STANDARD OF LAW

2        Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

3   statement of the claim showing that the pleader is entitled to relief."  On a motion to dismiss, the

4   factual allegations of the complaint are assumed to be true.  *Cruz v. Beto*, 405 U.S. 319, 322

5   (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn

6   from the well-pleaded allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*,

7   373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary

8   to state his claim and the grounds showing entitlement to relief."  *Bell Atlantic v. Twombly*, 550

9   U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)).  "A claim

10  has facial plausibility when the pleaded factual content allows the court to draw the reasonable

11  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

12  662, 678–79 (citing *Twombly*, 550 U.S. at 556).

13       Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

14  factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

15  1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

16  unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

17  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

18  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

19  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements, do not suffice.").  Additionally, it is inappropriate to assume that the plaintiff "can

21  prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

22  have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

23  *Carpenters*, 459 U.S. 519, 526 (1983).

24       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

25  facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting

26  *Twombly*, 550 U.S. at 570).  While the plausibility requirement is not akin to a probability

27  requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

28  *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

4

1   draw on its judicial experience and common sense." *Id.* at 679.

2        In ruling upon a motion to dismiss, the court may consider only the complaint, any

3   exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

4   Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

5   *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

6   1998).

7        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

8   amend even if no request to amend the pleading was made, unless it determines that the pleading

9   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

10  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

11  *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

12  denying leave to amend when amendment would be futile). Although a district court should

13  freely give leave to amend when justice so requires under Federal Rule of Civil Procedure

14  15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has

15  previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713

16  F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th

17  Cir. 2004)).

18        **IV.   ANALYSIS**

19        Defendant argues Plaintiffs failed to remedy the deficiencies contained in Plaintiffs'

20  Second Amended Complaint, and consequently all claims against Defendant must be dismissed

21  with prejudice. (ECF No. 75 at 5–7.) Regarding Plaintiffs' Violation of California Civil Code §

22  2923.6(b) claim, Defendant argues Plaintiffs have not sufficiently demonstrated they are entitled

23  to the specific injunctive relief that Plaintiffs request. (ECF No. 75 at 5.) As to Plaintiffs'

24  Negligence claim, Defendant asserts Plaintiffs alleged conclusions fail to sufficiently state a claim

25  upon which relief can be granted. (ECF No. 75 at 8–9.) The Court will address these arguments,

26  and Plaintiffs' counterarguments, in turn.

27        A.   Violation of California Civil Code § 2923.6(b)

28        Defendant contends Plaintiffs' failure to provide authority to support the specific

injunctive relief requested under Section 2924.12(a)(1) is fatal to Plaintiffs' claim.  In support of this argument, Defendant cites the Court's June 14, 2016 Order.  (ECF No. 75 at 5.)  Plaintiffs assert the statutory language of Sections 2923.6(b) and 2924.12(a)(1) do not preclude the remedy they request, and that Section 2924.12(a)(1) should be read broadly given its remedial nature. (ECF No. 64 ¶ 45; ECF No. 77 at 9.)

California Civil Code § 2923.6(b) provides:

It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

California Civil Code § 2924.12(a)(1) provides:

If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive reliefs to enjoin a material violation of Section . . . 2923.6[.]

Both of the cited provisions fall under the California Homeowner's Bill of Rights ("HBOR").  *See* California Civil Code § 2923.4 (*et seq*).  This Court previously found Plaintiffs adequately stated a factual and legal basis for a material violation of Section 2923.6(b).[2]  (ECF No. 63 at 11, 13.)  However, the Court stated in its June 14, 2016 Order it "will not read into the HBOR a specific remedy for a violation of § 2923.6(b) — compelling Defendant to engage in a meaningful review — without guidance from California courts or other authority on this specific issue."  (ECF No. 63 at 13.)  Plaintiffs' TAC seeks injunctive relief pursuant to Section 2924.12(a)(1), "to compel [Defendant] to perform a good faith modification review."  (ECF No. 64 ¶ 45, p. 12.)

Plaintiffs' TAC supports their request for injunctive relief by pointing to the statutory language, contending "§ 2924.12 does not limit the form of injunctive relief available to Plaintiffs."  (ECF No. 64 ¶ 45.)  Additionally, Plaintiffs cite *Aquino v. U.S. Bank Nat'l Ass'n*, which states, "Section 2924.12 provides that a borrower may bring an action for a material violation of Section 2923.6, and, as it is currently drafted, the statute does not carve out any

---

[2] Defendant requests the Court take judicial notice of Defendant's rescission of a notice of default and cancellation of trustee sale.  (ECF No. 76.)  The Court previously took judicial notice of these facts, and they are not required to resolve the instant action.  Accordingly, Defendant's request is hereby denied as unnecessary.  *See Martinez v. Blanas*, No. 2:06-CV-0088 FCD DAD (PC), 2011 WL 864956, at *1 n.1 (E.D. Cal. Mar. 10, 2011).

1   exceptions for subsections (a) and (b) of Section 2923.6." No. 15-CV-05181-JSW, 2016 WL

2   324373, at *5 (N.D. Cal. Jan. 27, 2016); (ECF No. 64 ¶ 43).

3          Plaintiffs further suggest Section 2924.12(a)(1) does not preclude requiring a party to

4   engage in a meaningful review because under the "ambit of the [HBOR], such a remedy is plainly

5   authorized." (ECF No. 77 at 9.) Plaintiffs cite to a string of authority that stands for the

6   proposition that a court should construe remedial legislation liberally in favor of the protected

7   party. (ECF No. 77 at 9.); *see Ne. Marine Terminal Co. v. Caputo*, 432 U.S. 249, 268 (1977)

8   (construing a workers' protection statute liberally to include the plaintiff, a worker); *Sullivan v.*

9   *Little Hunting Park, Inc*., 396 U.S. 229, 237 (1969) (holding the right to lease protected in 42

10  U.S.C. § 1982, construed liberally, includes protection of an assignment of rights to a

11  neighborhood recreation facility); *Tcherepnin v. Knight*, 389 U.S. 332, 336–38 (1967) (holding

12  the Securities Exchange Act includes withdrawable capital shares as a protected "security");

13  *Smith v. Heckler*, 820 F.2d 1093, 1095–97 (9th Cir. 1987) (holding the Social Security Act,

14  construed liberally, does not include a subjective "intent to support" requirement for a dependent

15  to benefit from a deceased parent).

16         In total, the Court finds Plaintiffs' authority unpersuasive. Even if this Court viewed

17  *Aquino* as binding, the *Aquino* court simply held that a motion to dismiss was proper where the

18  parties did not adequately brief the issue of a material violation of Section 2923.6. *Id*. at *6.

19  Furthermore, the plaintiff in *Aquino* alleged an underlying violation of Section 2923.6(a), and the

20  court made no determination of the appropriate injunctive relief for a violation of Section

21  2923.6(b). *See id*. at *5. Furthermore, the court in *Aquino* issued a subsequent ruling dismissing

22  with prejudice the plaintiff's claim for injunction under Section 2924.12 based on the court's

23  knowledge that the amendment of Section 2924.12 does not include Section 2723.6. *See Aquino*

24  *v. U.S. Bank Nat'l Ass'n*, No. 15-CV-05181-JSW, 2016 WL 3078841, at *7–8 (N.D. Cal. Apr. 26,

25  2016).

26         Regarding the cases interpreting remedial legislation, each case cited gives a broad

27  interpretation to a remedial statute's *coverage*; i.e. who or what is protected in the statutory

28  scheme. There is no question Plaintiffs are covered by the HBOR and indeed, the Court already

7

1  found that Plaintiffs stated an adequate claim for a violation of Section 2923.6(b).  However, the

2  cases cited by Plaintiffs interpreting remedial legislation *do not* extend a broad construction to the

3  remedies available under those statutes.  Accordingly, Plaintiffs do not provide adequate guidance

4  on whether an injunction compelling Defendant to engage in a "good faith modification review"

5  is available to them.  The Court was also unable to find authority supporting Plaintiffs' position.

6         When a party seeks a mandatory injunction — an injunction that requires a party to take

7  action — the district court should deny such relief "unless the facts and law clearly favor the

8  moving party."  *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).  Here, Plaintiffs

9  seek an injunction requiring Defendant to engage in a meaningful review.  As discussed above,

10  Plaintiffs have failed to present evidence that such an injunction is available.  The Court will not

11  interpret Section 2924.12(a)(1) to enable a party to compel another to engage in "a good faith

12  modification review" of a loan modification application without direction from California courts

13  or other authority.

14         For the foregoing reasons, the Court finds Plaintiffs do not state a claim for relief for a

15  violation of Section 2923.6(b).  Defendant's Motion to Dismiss is GRANTED as to this claim.

16  Because Plaintiffs already had ample opportunity to address the deficiencies of their complaint,

17  leave to amend would be futile.

18         B.    Negligence

19         In order to succeed on a claim for negligence, Plaintiffs must demonstrate: (1) the

20  existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages.

21  *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).  This Court previously found Plaintiffs

22  adequately stated the existence of a duty.  (ECF No. 63 at 16.)  While the Court did not

23  specifically reach the element of "breach" in its June 14, 2016 Order, the same facts that support

24  Plaintiffs' Section 2923.6(b) claim support the "breach" element.[3]  (*See* ECF No. 63 at 17 n.8.)

25  Defendant argues Plaintiffs alleged conclusions and therefore cannot withstand a motion to

26  dismiss.  (ECF No. 75 at 8–9.)

27

28
_____

[3] Defendant does not argue Plaintiffs have not adequately alleged the element of "breach" and the Court will not undergo further analysis.  (*See* ECF No. 75 at 7–9.)

8

i.      *Causation*

The "causation" element involves a two-part analysis: "determining cause in fact and considering various policy factors that may preclude imposition of liability." *Viner v. Sweet*, 30 Cal. 4th 1232, 1235 n.1 (2003). Plaintiffs allege Defendant's breach "has caused Plaintiffs' damage in that their actual income supports the granting of a modification and were it not for [Defendant's] breach of its duties, as detailed in California Civil Code §§ 2923.4 and 2923.6(b), Plaintiffs would have been offered such a modification." (ECF No. 64 ¶ 53.) Plaintiffs further allege "*as a result* of [Defendant's] negligence, [Plaintiffs] have suffered damages in that they were deprived of the opportunity to obtain loan modifications for which they were qualified, and *would have received* had their applications been properly reviewed, *resulting in* an increase in their principal loan balance." (ECF No. 64 ¶ 54 (emphasis added).)

Defendant argues "Plaintiffs' allegation that denial of an opportunity to receive meaningful review increased arrearages that has compounded their unpaid principle and reduced equity is totally conclusory, and therefore, deficient on it [sic] face." (ECF No. 75 at 9.) Defendant does not clearly attack Plaintiffs' allegations of causation besides this blanket assertion that the pleadings are "conclusory." The Court disagrees. Plaintiffs do not simply allege the "[t]hreadbare recitals of the elements of a cause of action" that would render their pleadings deficient. *Iqbal*, 556 U.S. at 678. Plaintiffs have alleged a causal chain of events—from Defendant's alleged breach to Plaintiffs' alleged damages—supported by the factual allegations highlighted above. Defendant has offered no other reasons why the Court should preclude any imposition of liability. Consequently, Plaintiffs adequately state a claim as to the element of "causation."

ii.      *Damages*

Plaintiffs allege four damages arising from Defendant's breach of duty: (1) An "increase in . . . principal loan balance;" (2) Plaintiffs were "deprived of their opportunity to seek relief elsewhere due to the delay in processing;" (3) Plaintiffs were "denied an opportunity to receive a meaningful review owing to the increased arrearages that have compounded their unpaid principal loan balance;" and (4) Plaintiffs "have suffered reduced equity in their home in amounts

9

1   to be proven at trial." (ECF No. 64 ¶ 54.) The Court will discuss Defendant's arguments

2   regarding these damages in the order alleged.

3        Defendant asserts Plaintiffs' first injury is nonsensical, as principle loan balance does not

4   increase. (ECF No. 75 at 8.) However, dicta in *Iqbal* suggests it is the *conclusory nature* of

5   allegations, not "their extravagantly fanciful nature . . . that disentitles them to the presumption of

6   truth." *Iqbal*, 556 U.S. at 681. If Plaintiffs' principle loan balance increased as a result of

7   Defendant's improper review of their loan modification, then Plaintiffs' have alleged facts that

8   plausibly state a claim for negligence. The Court's inquiry is not whether such *facts* are

9   plausible, but whether the facts, *taken as true*, "[allow] the court to draw the reasonable inference

10  that the defendant is liable for the misconduct alleged." *Id*. at 678.

11       Defendant further argues Plaintiffs' second and third alleged injuries contain deficient

12  components. (ECF No. 75 at 8–9.) Defendant is correct in this regard. Being denied the

13  "opportunity to seek relief elsewhere" or "denied . . . a meaningful review" is not a cognizable

14  damage without the subsequent harm that follows, such as foreclosure. *See* Cal. Civ. Code §

15  1431.2(b)(1) (defining economic damage as an "objectively verifiable monetary [loss]").

16  Plaintiffs admit they still occupy their home pending the results of this litigation. (ECF No. 77 at

17  13.) Accordingly, these particular allegations do not adequately state damages for the purposes of

18  negligence.

19       Lastly, Defendant contends Plaintiffs' alleged injuries of lost equity and increased

20  arrearages are "totally conclusory, and . . . deficient on [their] face." (ECF No. 75 at 9.) Reduced

21  equity is an economic damage. *See Panno v. Wells Fargo Bank, N.A.,* No. SA CV 16-0118-DOC

22  (KESx), 2016 WL 7495834, at *10 (C.D. Cal. Apr. 1, 2016); *Hernandez v. Madrigal*, No. CIV.

23  S-09-0413 MCE, 2011 WL 6936364, at *2 (E.D. Cal. Dec. 30, 2011). "[I]ncreased arrearages,"

24  as a damage, has been found to withstand motions to dismiss in negligence claims. *See, e.g.,*

25  *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1247 (E.D. Cal. 2016); *Pimentel v. Wells*

26  *Fargo Bank, N.A.*, No. 14-CV-05004-EDL, 2016 WL 8902601, at *6, *12 (N.D. Cal. Dec. 6,

27  2016); *Romero v. Wells Fargo Bank, N.A.*, No. LA-CV15-04707 JAK (JEMx), 2016 WL

28  6823490, at *9 (C.D. Cal. June 20, 2016).

10

1    Defendant again mistakes the analysis the Court must undertake in a motion to dismiss.

2    While the Court does not assume the truth of *legal conclusions*, Plaintiffs' allegations in the TAC

3    are not merely "formulaic recitation[s] of the elements of a cause of action." *See Twombly*, 550

4    U.S. at 555.  Plaintiffs allege specific facts of increased principle loan balance, reduced equity

5    and increased arrearages, which together establish the element of "damages" in a negligence

6    action.  Because Plaintiffs have alleged sufficient facts to plausibly support their claim for

7    negligence, the Court DENIES Defendant's Motion to Dismiss as to the negligence claim.

8    **V.     CONCLUSION**

9    For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Third Amended

10   Complaint is hereby:

11   (1)    GRANTED without leave to amend as to Plaintiffs' first cause of action; and

12   (2)    DENIED as to Plaintiffs' second cause of action.

13   The parties shall file a Joint Status Report within thirty (30) days of this Order.

14   IT IS SO ORDERED.

15

16   Dated: July 17, 2017

17

18   _____

19   Troy L. Nunley
     United States District Judge

20

21

22

23

24

25

26

27

28

11